CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 24 2019
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Civil Action No. 5:11-CR-0044 |
| v. | ) |
| | ) |
| BARNETT SOUTHALL DILLMAN, Jr., | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| Defendant | ) |

## MEMORANDUM OPINION

On July 19, 2019, defendant Barnett Southall Dillman, Jr., represented by counsel, filed a motion to correct a clerical error in the presentence investigation report ("PSR") prepared in his case in 2013, to which the government responded. ECF Nos. 178, 181. For the reasons discussed more fully below, the court **DENIES** Dillman's motion.

I. Background

On August 27, 2012, Dillman entered into a plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure in which he pled guilty to Count 1 of a Superseding Indictment that charged him with conspiring to possess with intent to distribute and distributing one kilogram or more of phencyclidine ("PCP") and 280 grams or more of cocaine base. In addition, the government had filed an information pursuant to 21 U.S.C. § 851, subjecting Dillman to an increased penalty. Dillman agreed and stipulated that he had been convicted of felony possession with intent to distribute cocaine in Prince George's County, Maryland in 2002. ECF No. 52 at 3. Dillman entered his guilty plea the same day. ECF No. 51.

The PSR classified Dillman as a career offender and calculated his total offense level at 34 and his criminal history category as VI, which resulted in a Sentencing Guidelines range of 262 to 327 months. He faced a statutory minimum of 20 years. The government sought an upward variance to 480 months based in part upon the fact that Dillman had sold PCP to a person who ingested it and then caused an automobile accident that resulted in the death of a 23-year-old woman.

On April 24, 2013, Dillman was sentenced to incarceration for 420 months to be followed by a 10-year term of supervised release. ECF Nos. 98, 103. On April 15, 2015, Dillman's sentence was reduced to 210 months based on a substantial assistance motion filed by the government. ECF No. 143.

Dillman is now before the court arguing that the PSR in his case classified him as a career offender on the basis of three prior felony convictions and that the classification was a mistake. He asserts that the mistake is subject to correction under Rule 36 of the Federal Rules of Criminal Procedure and that if it is corrected and he is no longer considered a career offender, he will be entitled to a sentence of time served and immediate release. He makes similar arguments with regard to the prior state court convictions being used to calculate criminal history points and as a basis for the § 851 enhancement in his case. The government counters that even if a mistake were made in the PSR, Rule 36 is not the correct procedural mechanism to correct the error.

## II. Analysis

### A. Rule 36 and Career Offender Guidelines

Rule 36 of the Federal Rules of Criminal Procedure provides that "[A]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission." Rule 36 may serve as a means for a defendant to obtain resentencing when a clerical error "likely resulted in the imposition of a longer sentence than would have been imposed absent the error." United States v. Vanderhorst, 927 F.3d 824, 827 (4th Cir. 2019) (citing United States v. Powell, 266 Fed. App'x 263, 265 (4th Cir. 2008)). While finality in judicial proceedings is an important interest and requires that judicial and substantive errors be laid to rest after specified time periods, when an error is purely clerical, like a scrivener's error, or recording error, "'the policy of finality is trumped and a court is authorized to correct the error at any time.'" Id. (citing Powell, 266 Fed. App'x at 265-266) (emphasis in original). "Forcing a defendant . . . to spend years longer in prison solely due to a data entry error for which he had no responsibility serves no legal, judicial, or public interest, is manifestly unjust, and is why Rule 36 exists." Id. In addition, "[t]here is no dispute that a PSR . . . constitutes an 'other part of the record' amenable to correction under Rule 36." Id. at 826.

In order to qualify as a career offender under the sentencing guidelines, a defendant must have two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. In Vanderhorst, the petitioner filed a Rule 36 motion to challenge a statement in his PSR that four of his predicate offenses were "controlled substance offenses," making him subject to a career offender designation under U.S.S.G. § 4B1.1. The

3

offenses," making him subject to a career offender designation under U.S.S.G. § 4B1.1. The court found that one of the three predicate offenses cited in the PSR was "tainted by clerical error" because it was incorrectly characterized as "conspiracy to sell and deliver cocaine" when he actually had been convicted of "conspiracy to traffick cocaine by transportation." Vanderhorst, 927 F.3d at 826. The error in the PSR was attributable to an improper description of the offense in the state court electronic database. Id.

But even eliminating the tainted predicate offense, Vanderhorst still had three remaining prior convictions which were sufficient to support application of the career offender guideline. Id. at 828. Vanderhorst argued that two of the prior convictions for "trafficking heroin by possession" and "trafficking heroin by transportation" did not constitute "controlled substance offenses" because they did not require the "'manufacture, import, export, distribution, or dispensing'" of a controlled substance. Vanderhorst, 927 F.3d at 828 (citing U.S.S.G. § 4B1.2(b)). However, the court found that Vanderhorst was making a substantive argument that he could have raised but did not at his original sentencing. Id. at 828. Thus, his challenges to the characterization of his prior heroin trafficking convictions were not cognizable under Rule 36. Id.

### C. Application of Rule 36 to Dillman's Case

In this case, Dillman argues that the PSR erroneously concluded that he was a career offender based on two prior convictions for possession with intent to deliver cocaine in Prince George's County, Maryland, and one conviction for distribution of cocaine in Prince George's County, Maryland. On the first possession with intent to deliver offense he was arrested on July 26, 2002 and convicted on March 14, 2003. On the second distribution offense he was

4

arrested on July 23, 2005 and convicted on April 28, 2006. On the third offense, he was arrested on September 8, 2005 and convicted on April 6, 2006. ECF No. 101 at 10-12.

Dillman points out that the Sentencing Guidelines define a career offender as (1) a defendant who was at least 18 years old at the time of the instant offense of conviction; (2) the instant offense of conviction is a felony controlled substance offense; and (3) the defendant has at least two <u>prior</u> felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a) (emphasis added). The term "two prior felony convictions" means that "the defendant committed the instant offense of conviction <u>subsequent</u> to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.2(c) (emphasis added). "The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of <u>nolo contendere</u>." <u>Id.</u>

In Dillman's case, Count 1 of the Superseding Indictment charged him with a drug conspiracy beginning "no later than 2001 and continuing until March 14, 2012." ECF No. 24. Also, the factual basis submitted on August 27, 2012 stated that the conspiracy had been in effect "over the last ten years." ECF No. 53. Dillman argues that because he was convicted of the predicate offenses in 2003 and 2006, the offenses were not committed before the instant offense and therefore are not "prior felony convictions" for purposes of determining his status as a career offender. Dillman asserts that the PSR should be corrected to remove the offender classification and that his sentencing guidelines should be recalculated on the basis of drug weight, any adjustments, and his criminal history.

5

Dillman also contends that the three predicate offenses account for six of eight criminal history points in the PSR, but they should not be used to establish criminal history conduct because they are relevant conduct to the instant offense under U.S.S.G. § 1B1.3(a)(1). That guideline defines "relevant conduct" in part as conduct that occurred during the commission of the offense of conviction, in preparation for that offense, or in attempting to avoid detection or responsibility for the offense. Dillman asserts that the earlier offenses occurred during the offense of conviction and thus cannot be counted for criminal history points.

Finally, Dillman argues that the § 851 enhancement also is without foundation because 21 U.S.C. § 841(b)(1)(A) applies when the instant offense is committed after the prior felony drug conviction. In Dillman's case the § 851 notice referred to a conviction that occurred on March 14, 2003, and therefore occurred during, rather than prior to, the conspiracy.

The federal rules do not define "clerical error," but courts have held that a clerical error "'must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" Connor v. United States, No. DLC 09-0424, 2011 WL 1322402, *3 (D. Md. 2011) (quoting United States v. Robinson, 368 F.3d 653, 656 (6th Cir. 2004) (quoting in turn United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996)).

In Powell, the court noted that "[t]he errors most commonly subject to correction under Rule 36 are ... recording or scrivener's errors that make a difference." Powell, 266 Fed. App'x. at 266. Rule 36 has been used to amend a judgment to include an obviously omitted forfeiture order, correct a judgment that erroneously cited the controlling statute, correct the amount of a restitution order, and to correct a judgment to refer to a lesser included offense

to which the defendant pled guilty rather than to the charge contained in the indictment. Id. (internal citations omitted). See also United States v. McLean, Criminal No. WDQ-10-0531, 2012 WL 259322, *2 n. 8 (D. Md. 2021) (collecting cases and citing examples of clerical errors to include written judgment stating defendant had been convicted under statute different from that orally imposed by the court; statement in judgment that defendant was sentenced to 77 months in prison when court had orally imposed 83-month sentence; and statement in written judgment that sentences would run concurrently when court had pronounced that they would run consecutively) and Black v. United States, No. 2:94-CR-15-BO-9, No. 2:14-CV-35-BO, 2015 WL 12916995, *1 (E.D.N.C. 2015) (denying Rule 36 motion to correct drug quantity in PSR when court made the drug quantity findings itself and noting that what petitioner actually sought was to amend the amount of drugs found by the court at sentencing).

In this case, Dillman does not argue that the PSR contains errors with regard to the dates of his prior offenses, e.g., that he was convicted of an offense in 2003 but the PSR incorrectly states he was convicted in 1998, which might be subject to correction under Rule 36. Instead, he argues that the convictions do not meet the definition of "prior felony conviction" because they were not committed prior to the instant conviction, that they cannot be used to establish criminal history because they are relevant conduct to the instant offense, and that the § 851 enhancement is without foundation because the instant offense was not committed after the prior felony drug conviction.

At sentencing, the court made findings based on the PSR that Dillman had at least two prior felony convictions for either a crime of violence or a controlled substance offense, that he was a career offender, and that he had a career criminal history category of VI, giving him

7

a guidelines range of 262 to 327 months. Sent. Hr'g Tr., ECF No. 133 at 9-11.[1] These findings were legal conclusions based on accurate facts stated in the PSR. Although Dillman couches his arguments in terms of clerical errors, the essence of his argument is that the convictions should not have been used as a basis for the career offender designation, the § 851 enhancement, or the Guidelines calculation. However, if mistakes were made, they were not clerical or scrivener errors. Rather, any error in the use of the prior convictions was a substantive legal error and Rule 36 does not contemplate correction of such an error.

For this reason, Dillman's motion to correct the PSR in his case, ECF No. 178, is **DENIED**. An appropriate order will be entered.

It is so **ORDERED**.

Entered: 12/24/19

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

---

[1] At the sentencing hearing, Dillman was given an opportunity to object to the PSR and did not do so. Sent. Hr'g Tr., ECF No. 133 at 9. Nor did Dillman object to the Guidelines findings in the PSR. Id. at 10. His counsel argued for a guidelines sentence but made no argument related to the career offender designation, or the § 851 enhancement.